UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SYLVESTER HEATLEY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JAMES E. TILTON, Secretary, et al.,<br><br>　　　　　Respondents. | 1:07-CV-01118 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

  Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by jury trial on September 15, 2004, of first degree murder, robbery, burglary, and use of a deadly weapon. Petitioner was sentenced to serve an in determinate prison term of life without the possibility of parole.

---

[1] This information is derived from the petition for writ of habeas corpus.

1   Petitioner thereafter appealed the conviction. On February 7, 2006, the California Court of
2   Appeal, Fifth Appellate District (hereinafter "5th DCA") affirmed the conviction. Petitioner then filed
3   a petition for review with the California Supreme Court and review was denied on an unspecified
4   date.
5   Petitioner then filed a petition for writ of habeas corpus in the Fresno County Superior Court,
6   and the petition was denied on May 21, 2007. Petitioner subsequently filed a habeas petition with the
7   5th DCA and that petition, according to Petitioner, remains pending before the 5th DCA.

8   **DISCUSSION**

9   A.  Procedural Grounds for Motion to Dismiss

10  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
11  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
12  entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules
13  Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the
14  attorney general, thus avoiding the necessity of a formal answer as to that ground." The Advisory
15  Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus,
16  either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an
17  answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

18  B.  Exhaustion of State Remedies

19  A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
20  petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
21  exhaustion doctrine is based on comity to the state court and gives the state court the initial
22  opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
23  U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
24  1163 (9th Cir. 1988).

25  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
26  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
27  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
28  F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full

and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the petition before the Court, Petitioner raises three grounds for relief. Petitioner states the first two grounds were raised on direct appeal and denied by the California Supreme Court. However, Ground Three has only been presented to the 5th DCA where the petition remains pending. Therefore, Ground Three is not exhausted.

1  The instant petition is a mixed petition containing exhausted and unexhausted claims. The
2  Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust
3  the claim if he can do so. See Rose, 455 U.S. at 521-22. However, Petitioner will be provided with
4  an opportunity to withdraw the unexhausted claim and go forward with the exhausted claim.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[2] This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may, at his option, move to withdraw the unexhausted claim within thirty (30) days of the date of service of this Recommendation and proceed with only the exhausted claims. If Petitioner fails to withdraw the unexhausted claim within the thirty (30) day time frame, the Recommendation will be submitted to the District Judge for dismissal of the petition so Petitioner can return to state court to exhaust his unexhausted claim. Rose, 455 U.S. at 520. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1    Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  Provided Petitioner does not move to withdraw the unexhausted claim, the Finding and Recommendation will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 16, 2007**          /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE